OTTO PIRL AND CHARLES PIRL, PARTNERS, TRADING AS PIRL BROTHERS, PLAINTIFFS, v. HARRY A. FRIEDMAN AND CHARLES KAUFMAN, DEFENDANTS.

Submitted May term, 1924—Decided October 7, 1924.

Contracts—Promissory Note Secured by Conditional Sale Agreement for Motor Vehicle—Nothing to Support Defendants' Position That New Trial be Granted.

On rule to show cause.

Before Justices KALISCH, BLACK and CAMPBELL.

For the plaintiff, *Kappes & Hille.*

For the defendant Harry A. Friedman, *Gross & Gross.*

For the defendant Charles Kaufman, *Kelsey & Ludwig.*

PER CURIAM.

The trial in this case resulted in a judgment in favor of the plaintiffs and against the defendants for the sum of $1.511.67. Both defendants obtained rules to show cause why the verdict should not be set aside. Friedman writes down thirty-four reasons for a new trial and Kaufman twenty-five reasons. The suit was brought to recover the

amount due on a judgment recovered by the Continental Guaranty Corporation against the plaintiffs on a promissory note made and signed by the defendant Harry A. Friedman, which was secured by a conditional sale contract on a motor vehicle. The suit grew out of the purchase and sale of a motor vehicle for which the promissory note for $2,438.40 was given secured by the conditional sale contract on said motor vehicle. Friedman sold his interest in the motor vehicle to the defendant Charles Kaufman and one Robert Bennett. A recital of the testimony upon which the trial court submitted the issues made at the trial will serve no good purpose. It is sufficient to say that we have carefully examined the record and find nothing to support the defendants' contention that there should be a new trial. We find no error in the admission and rejection of testimony. It was not error for the trial court to refuse the motions for a nonsuit or the direction of a verdict for the defendants. The trial judge quite fully covered the case in the charge to the jury, submitting to them the controverted questions of fact. It was not error for the trial judge to refuse the written requests to charge. The verdict is not against the weight of the evidence. The damages awarded by the jury are not excessive. The rules obtained by the defendants are discharged, with costs.